Arthur G. Eliav, Attorney at Law
The Eliav Law Firm, PLLC
61-43 186th Street, Suite 590
Fresh Meadows, NY 11365
Telephone: (718) 690-3355
Facsimile:  (718) 690-3357
arthur.eliav@eliavlaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FARKHAD SAIDOV,<br><br>                    Plaintiff,<br><br>     -against-<br><br>THE CITY OF NEW YORK, NEW YORK CITY POLICE OFFICERS THOMAS KOSAK and SHAWN WANDEL<br><br>                    Defendants. | 1:15-cv-06910-FB-MDG<br><br>**AMENDED COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff FARKHAD SAIDOV (hereinafter "Plaintiff"), by his undersigned counsel, the Eliav Law Firm, PLLC, for his Complaint alleges, upon personal knowledge as to himself and his own acts and upon information and belief as to all other matters, as follows:

## NATURE OF ACTION

1.      This is an action for damages arising under 42 U.S.C. §§ 1983 and 1988 for violation of Plaintiff's civil rights secured under the Constitutions of the United States and the State of New York; and for the failure of the City of New York to take corrective action with respect to police personnel whose vicious propensities were notorious, to assure proper training and supervision of those police personnel, or to implement meaningful procedures to discourage lawless official conduct; and against the City of New York as the employer of those police personnel.

**JURISDICTION AND VENUE**

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the First, Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

3. This Court has subject matter jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1343.

4. This Court may exercise supplemental jurisdiction over the Plaintiff's state law claims that arise from the same facts and circumstances pursuant to 28 U.S.C. § 1367.

5. On November 7, 2014, Plaintiff caused a written verified Notice of Claim to be filed with and served on the proper officers, agents and employees of the City of New York pursuant to the relevant claims statutes.

6. Prior to the institution of this action, and within ninety days from the date when the causes of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with the City of New York on behalf of Plaintiff; this action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented, and the City of New York has neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the causes of action accrued herein.

7. All of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

8. As the unlawful acts and omissions complained of herein or a substantial part of the events occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§ 112(c) and 1391(b).

## **PARTIES**

9. Plaintiff is a resident of the City of New York, and at all times relevant to the allegations of this complaint was a Permanent Resident of the United States, and a resident of Queens County.

10. At all times hereinafter mentioned, defendant The City of New York (hereinafter "City"), was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. At all times hereinafter mentioned, defendant City operated, controlled and maintained a police force known as the New York City Police Department (hereinafter "NYPD").

12. At all times hereinafter mentioned, the NYPD was a subdivision, department or agency of Defendant City.

13. At all times herein mentioned, Defendant City was under an obligation to use reasonable care in the hiring, training, retention and supervision of its employees.

14. At all times relevant to this action, defendant THOMAS KOSAK (hereinafter "Kosak") was a police officer employed by co-defendant City, and more specifically the NYPD.

15. At all times hereinafter mentioned, defendant Kosak was acting within the scope and course of his employment with the NYPD, and under color of state law.

16. At all times relevant to this action, defendant SHAWN WANDEL (hereinafter, "Wandel") was a police officer employed by co-defendant City, and more specifically the NYPD.

17. At all times hereinafter mentioned, defendant Wandel was acting within the scope and course of his employment with the NYPD, and under color of state law.

**FACTUAL ALLEGATIONS**

18. On or about September 14, 2014, at approximately 12:15 a.m., Plaintiff was lawfully driving home on Belt Parkway in New York with non-party Ms. Alina Kalinichenko as his passenger.

19. Plaintiff was followed and pulled over by two uniformed NYPD officers, Defendants Kosak and Wandel in a marked NYPD vehicle.

20. Defendants Kosak and Wandel ordered Plaintiff to get out of the vehicle, yelling and cursing at Plaintiff throughout the duration of the stop.

21. Defendants Kosak and Wandel administered a sobriety test on Plaintiff.

22. Plaintiff informed Defendants Kosak and Wandel that he has Type I Diabetes, showed them the insulin pump attached to his abdomen, and advised them that he is not feeling well due to what felt like a drop in his blood sugar content.

23. Plaintiff remained compliant with Defendants' orders throughout the duration of the stop.

24. Defendant Kosak or Defendant Wandel grabbed Plaintiff by the throat causing him to lose his breath, and punched Plaintiff in the stomach where the insulin pump was attached.

25. Defendants Kosak and Wandel proceeded to issue Plaintiff five (5) court summonses before leaving the scene.

26. As a result of the misconduct described above, Plaintiff experienced humiliation, emotional distress, pain and suffering, and was otherwise damaged, incurred expenses, including legal fees, in connection with defending the false charges lodged against him.

27. Plaintiff was physically injured as a result of the conduct described in this Complaint.

28. Upon information and belief, City had prior notice of the vicious propensities of Defendants Kosak and Wandel but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

29. The failure of City properly to train and supervise defendants Kosak and Wandel included the failure to instruct them in applicable provisions of the Penal Law of the State of New York, the proper and prudent use of force, and in state and federal constitutional limitations.

30. Defendants' conduct constitutes gross negligence under state law.

31. As a direct and proximate result of the brutal and unconstitutional acts of these Defendants, Plaintiff suffered the loss of his liberty and suffered and continues to suffer severe physical and emotional distress, embarrassment and humiliation. The unlawful stop caused, Plaintiff, among other things, to realize that he can no longer rely on the police to protect him and to fear for his well-being and that of his family members, and to suffer significant anxiety associated with these concerns.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

(Excessive Force: Assault and Battery)

32. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

33. By virtue of the aforementioned acts, Defendants, who were acting in concert and within the scope of their employment, were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and

Constitutions of the United States and the State of New York, and are liable to Plaintiff for assault and battery.

34. Defendant City is liable for the damages suffered by Plaintiff as a result of the conduct of its agents, servants, and/or employees pursuant to the doctrine of respondeat superior.

35. As a result of the foregoing, Plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

(42 U.S.C. § 1983 Based on Excessive Force)

36. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

37. By virtue of the aforementioned acts by Defendants Kosak and Wandel, Plaintiff was deprived of his civil rights guaranteed under the Constitution of the United States, including his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to substantive and procedural due process, to be free from unreasonable or unlawful searches and seizures, and cruel and unusual punishments. Defendants Kosak and Wandel, therefore, are liable to Plaintiff for damages pursuant to 42 U.S.C. § 1983.

38. Defendants Kosak and Wandel are sued in their individual and official capacities.

39. As a result of the foregoing, Plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

(Intentional Infliction of Emotional Distress)

40. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

41. Defendants' conduct, in assaulting and battering plaintiff was extreme, outrageous, shocking and exceeded all reasonable bounds of decency.

42. Defendant City is liable for the damages suffered by Plaintiff as a result of the conduct of its agents, servants and/or employees, pursuant to the doctrine of respondeat superior.

43. Defendants' extreme and outrageous conduct was intended to cause and did cause severe emotional distress to Plaintiff.

44. As a result of the foregoing, Plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

## FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

(Negligent Infliction of Emotional Distress)

45. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

46. Defendant City owed a duty to Plaintiff to avoid conduct that it knew could tend to inflict emotional distress.

47. Defendants' conduct, in assaulting and battering Plaintiff, breached that duty and caused damage to the emotional health of Plaintiff.

48. Defendant City is liable for the damages suffered by Plaintiff as a result of the conduct of its agents, servants and/or employees, pursuant to the doctrine of respondeat superior.

49. As a result of the foregoing, Plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

### FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

(Negligent Training, Supervision, and Retention)

50. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

51. The aforesaid violent assault and excessive force perpetrated on Plaintiff by Defendants Kosak and Wandel were the result of the negligence of Defendant City in its supervision, training, and retention of said defendant police officers.

52. Due to the negligent supervision, training and retention by the City of Defendants Kosak and Wandel, Plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty a loss of enjoyment of life, and suffered economic loss and other damages.

53. Defendant City is liable for the damages suffered by the Plaintiff as a result of the conduct of its agents, servants and/or employees, pursuant to the doctrine of respondeat superior.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANT CITY

(42 U.S.C. § 1983 - "Monell" Claim based on Failure to Train/Supervise)

54. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

55. Defendant City had prior notice of the vicious propensities of defendants Kosak and Wandel, but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

56. The failure of Defendant City properly to train defendants Kosak and Wandel included the failure to instruct them in applicable provisions and limitations of the New York State Penal Law, the New York State Constitution, the U.S. Constitution, and the proper and prudent use of force.

57. Defendant City authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by:

    a. Failing to properly discipline, restrict, and control employees, including defendants Kosak and Wandel, known to be irresponsible in their dealings with citizens of the community;

    b. Failing to take adequate precautions in the hiring, promotion, and retention of police personnel, including specifically defendants Kosak and Wandel.

    c. Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

58. The failure to supervise and/or train by the Defendant City of Defendants Kosak and Wandel rose to the level of deliberate indifference to the consequences of its actions, and indifference to plaintiff's rights, privileges and immunities secured by the Constitution of the United States of America, specifically Plaintiff's First, Fourth and Fourteenth Amendment rights.

59. As a result of the foregoing, Plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, and suffered economic loss and other damages.

## SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

(42 U.S.C. § 1983 based on Violation of Plaintiff's First Amendment Rights)

60. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

61. Defendants assaulted and battered Plaintiff because he engaged in speech and associational activity protected by the First Amendment of the U.S. Constitution. As a direct result of Defendants' willful, malicious, and/or with reckless indifferent actions, undertaken because of Plaintiff's speech and association, Plaintiff was subjected to extended and unreasonable detention by local law enforcement, carried out without probable cause or even reasonable suspicion to believe that plaintiff had committed or was about to commit a crime. This unlawful stop, assault and battery are the type of injury that would chill a person of ordinary firmness from continuing to engage in such protected conduct. Because Defendants assaulted and battered Plaintiff, in whole or in part, in retaliation for Plaintiff's protected speech and association, these Defendants are liable for violating Plaintiff's First Amendment rights.

62. Defendants Kosak and Wandel are sued in their individual and official capacities.

## EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

(Violation of Article I, §§ 8, 9 of the New York State Constitution)

63. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

64. Defendants assaulted and battered Plaintiff because he engaged in speech and associational activity protected by the New York State Constitution. As a direct result of Defendants' willful, malicious, and/or recklessly indifferent actions, undertaken because of Plaintiff's speech and association, Plaintiff was subjected to extended and unreasonable detention by local law enforcement, carried out without probable cause or even reasonable suspicion to believe that plaintiff had committed or was about to commit a crime. This unlawful stop, assault

10

and battery are the type of injury that would chill a person of ordinary firmness from continuing to engage in such protected conduct. Because Defendants assaulted and battered Plaintiff, in whole or in part, in retaliation for Plaintiff's protected speech and association, these Defendants are liable for violating plaintiff's freedom of speech and freedom to assemble and petition the government under the New York State Constitution.

65. Defendant City is liable for the damages suffered by the Plaintiff as a result of the conduct of its agents, servants and/or employees, pursuant to the doctrine of respondeat superior.

### NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

(42 U.S.C. § 1983 Based on Failure to Intervene)

66. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

67. The aforesaid violent, unnecessary, unwarranted, and unlawful conduct took place in Defendants' presence, and although each Defendant observed said conduct, each failed or refused to take reasonable steps to protect Plaintiff from said conduct by the other Officers.

68. Defendants' nonfeasance deprived Plaintiff of his rights, privileges and immunities secured by the Constitution of the United States of America, inter alia, Plaintiff's First, Fourth, and Fourteenth Amendment rights.

69. That as a result of the foregoing, Plaintiff was severely and seriously injured, both bodily and mentally, suffered loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

70. Defendants Kosak and Wandel are sued in their individual and official capacities.

### TENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

(Negligence/Gross Negligence)

71. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

72. That by virtue of the aforementioned acts, Defendants, who were acting in concert and within the scope of their employment, breached their duty of reasonable care to Plaintiff, were the direct and proximate cause of injury and damage to plaintiff, violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York, and are liable to Plaintiff for negligence and gross negligence.

73. That Defendant City is liable for the damages suffered by Plaintiff as a result of the conduct of its agents, servants, and/or employees pursuant to the doctrine of respondeat superior.

74. That as a result of the foregoing, Plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

WHEREFORE, plaintiff demands the following relief jointly and severally against each defendant:

    a. Compensatory damages against Defendants herein;

    b. Punitive damages in an amount to be determined by a jury;

    c. For pre-judgment and post-judgment interest;

    d. The convening of a jury to consider the merits of the claims herein;

    e. Attorney's fees pursuant to 42 U.S.C. § 1988;

    f. An award of Plaintiff's costs of suit; and

    g. Such other different and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

Dated:     Fresh Meadows, New York
            July 29, 2016

                Yours, etc.,

                THE ELIAV LAW FIRM, PLLC

                By: _____/s/_____
                    Arthur G. Eliav, Esq. (AE2884)

                61-43 186th Street, Suite 590
                Fresh Meadows, NY 11365
                Tel.: (718) 690-3355
                arthur.eliav@eliavlaw.com
                Attorneys for Plaintiff